■ KLEARTONE TRANSPARENT PRODUCTS Co., INC., Appellant, v HERCULES, INC., Respondent. (Action No. 1.) HERCULES, INC., Respondent, v KLEARTONE TRANSPARENT PRODUCTS Co., INC., Appellant. (Action No. 2.)—In two consolidated actions, Action No. 1 by a buyer to recover the cost of allegedly defective goods returned to the seller and for damages and Action No. 2 by the seller to recover the price of goods sold and upon accounts stated, the appeal is by the buyer from a judgment of the Supreme Court, Nassau County, dated September 5, 1974 and made after a nonjury trial, which, *inter alia,* dismissed the buyer's first cause of action (to recover the cost of the returned goods) for failure of proof. Judgment affirmed, with costs. The buyer sued to recover the cost of goods it allegedly returned to the seller because the goods did not meet the buyer's customer's needs. However, there was no credible evidence offered to support the buyer's assertion that it shipped more of these goods to the seller than the seller received and that the difference must have been lost in transit. Moreover, to the extent that the buyer's case rested upon a claim that the goods were defective because they were not suitable for its customer's needs, there is no proof that the seller knew, or should have known, of the use to which its product would be

put by the buyer's customer. Nor was there any evidence of any representation by the seller which induced the buyer to purchase the goods for a use for which they were unsuited. Therefore, the seller was obligated to the buyer only by virtue of, and in accordance with, the return products authorization which was executed when the seller learned of the buyer's customer's problem. We make no determination with regard to the seller's assertion in its brief that the trial court erred in partially sustaining the buyer's second cause of action. The seller did not appeal from the judgment. Rabin, Acting P. J., Cohalan, Margett, Brennan and Shapiro, JJ., concur.